b/f

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LINDSAY JENKINS,

           **ORDER**

           **08-CV-713 (NGG)(LB)**

      Plaintiff,

  -against-

BRUCE EATON, NEILL PARKER, ELIZABETH
MURPHY, FOREST HILLS GARDENS
CORPORATION, STEPHEN THOMAS, MAY
SCHONAUT, PATRICIA LANCASTER, DEREK
LEE, SANDRA BUTLER, and JOHN DOE/JANE
DOE,

      Defendants.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

  In a Memorandum and Order dated November 18, 2009 (Docket Entry # 66), the court granted Defendants' motion for summary judgment. Pro se Plaintiff now moves, pursuant to Federal Rule of Civil Procedure 59, to "vacate and set aside the summary judgment entered in this lawsuit." (Pl. Motion (Docket Entry # 68).) Because no trial was conducted, the court construes the motion as one to "alter or amend" the judgment pursuant to Rule 59(e). Plaintiff also seeks to introduce a set of photographs into evidence. (See Docket Entry # 69.)

  "[C]ourts have recognized four basic grounds on which a judgment may be altered or amended pursuant to Rule 59(e): the need to prevent manifest injustice, the need to correct errors of law or fact, the availability of new evidence, or an intervening change in controlling law." Meteor AG v. Fed. Express Corp., No. 08-CV-3773 (JGK), 2009 U.S. Dist. LEXIS 107674 at *8 (S.D.N.Y. Nov. 18, 2009) (citing Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). Rule 59(e) "may not be used to relitigate old matters, or to raise

1

arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 128 S. Ct. 2605, 2617 n.5 (2008) (internal citation omitted). "[T]he standard for granting a Rule 59(e) motion is strict, and reconsideration will generally be denied." In re Health Mgmt. Sys. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation omitted).

Having reviewed Plaintiff's motions, the court finds that they do not satisfy the demanding standard for reconsideration. Plaintiff has not cited any error of law or facts in the record that the court overlooked. Plaintiff has also not identified any change in governing law. Accordingly, to the extent that relief is available under Rule 59(e), it could only be based on the need to prevent manifest injustice or on the discovery of newly available evidence. None of Plaintiff's arguments establish that reconsideration is warranted on either basis.

Plaintiff first argues that extenuating circumstances caused her to miss deadlines in this lawsuit. (See Rule 59 Motion 2; Jenkins Aff. ¶ 2-5.) Plaintiff was, however, afforded three separate extensions of time to respond to Defendants' summary judgment motion and ultimately failed to meet a deadline that she proposed. (See Docket Entry ## 53, 57, 64.) The extenuating circumstances that Plaintiff cites are insufficient to establish her inability to timely respond. As such, reconsideration to prevent manifest injustice is not warranted.

Second, Plaintiff argues that the court improperly denied her the opportunity to present and gather evidence. (See Rule 59 Motion 3-4; Jenkins Aff. ¶¶ 6, 8). The court finds that this claim is without factual or legal support. Plaintiff has not specified even the broad contours of evidence that she was unable to obtain, much less how it would have impacted the resolution of Defendants' motion for summary judgment. See Toliver v. Sullivan Diag. Treatment Ctr., 818 F. Supp. 71, 72 (S.D.N.Y. 1993) (denying pro se plaintiff's motion for reconsideration based in part

2

on the lack of "indication of what the discovery assertedly not provided would show which would have affected the proper resolution of defendant's motion"). Accordingly, reconsideration is not required to prevent manifest injustice.

Finally, Plaintiff's attempt to introduce the set of photographs is untimely. According to Plaintiff, these photographs were taken in 2008. (See Jenkins Aff. ¶ 8.) Even if these photographs were properly authenticated – which they are not – there is no reason to believe that they were unavailable to Plaintiff prior to the court's order granting summary judgment. See Laxer v. NBA Props., No. 96-CV-4449 (EHN), 1998 U.S. Dist. LEXIS 8282 (E.D.N.Y. Apr. 28, 1998) ("Rule 59(e) does not give a losing party the opportunity to proffer additional information or evidence that was available but not previously introduced."). Nor would the photographs, even if properly presented, impact the court's conclusions.

Accordingly, there is no basis for reconsideration or for the introduction of additional evidence. Plaintiff's Motions are DENIED.

SO ORDERED.

Dated: Brooklyn, New York
March 17, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

3