UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LINDSAY JENKINS,

                         Plaintiff,

-against-

BRUCE EATON, NEILL PARKER,
ELIZABETH MURPHY, FOREST HILLS
GARDENS CORPORATION, STEPHEN
THOMAS, MAY SCHONHAUT,
PATRICIA LANCASTER, DEREK LEE,
SANDRA BUTLER, and JOHN DOE/JANE
ROE,

                         Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & FILING INJUNCTION 08-CV-0713 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

On August 25, 2010, Magistrate Judge Lois Bloom recommended that the court order Plaintiff, who is proceeding pro se, to show cause as to why a filing injunction should not be entered against her. ("R&R" (Docket Entry # 80).)[1] Objections to Judge Bloom's R&R were due on September 13, 2010. See Fed. R. Civ. P. 72(b)(2). No party objected before that date.

By letter dated September 17, 2010, Plaintiff sought a retroactive extension of the objection deadline to allow her to object "to entry of a litigation injunction." (Docket Entry # 81 at 1.) The court denied that request as both untimely and unnecessary. (See Docket Entry # 82 at 1-2.) In so doing, the court noted that Plaintiff would be able to argue against the entry of a filing injunction in response to an order to show cause. (Id. at 2.) Accordingly, the court adopted Judge Bloom's R&R in its entirety and ordered Plaintiff to show cause within 30 days why she should not be enjoined from filing any future action, pleading, amended pleading,

---

[1] Judge Bloom also denied Defendants' motion for an award of attorneys fees.

1

motion, or appeal in any federal court without first obtaining leave of court to do so. (Id.) Plaintiff has not responded to that order; her time for doing so has now expired.

Judge Bloom's R&R exhaustively detailed Plaintiff's extensive history of vexatious and baseless lawsuits. Judge Bloom identified over thirty federal court cases, in multiple states, in which Plaintiff has been involved, including nine cases filed in the Eastern District of New York. (Id. at 8-9.) The court does not recount the details of those actions again here, but instead assumes familiarity with Judge Bloom's R&R. Plaintiff is already subject to at least three filing injunctions preventing her from relitigating matters that have already been resolved. (Jenkins v. Bock, 09-CV-3722 (NGG), Docket Entry # 21; Jenkins v. Sladkus, No. 04-CV-1595 (LAK), 2005 WL 41643, at *1 (S.D.N.Y. Jan. 10, 2005); Jenkins v. Deutsche Bank Nat'l Trust Co., No. 07-CV-22463 (ASG), Docket Entry # 96 (S.D. Fla. Sept. 4, 2009).) The Court of Appeals for the Seventh Circuit has also raised the possibility that Plaintiff has filed actions as a "proxy" for her domestic partner, who is already subject to a filing injunction. See Jenkins v. Martin, No. 05 Civ. 4729, 2006 WL 2852300, at *1 (7th Cir. 2006).

"[T]he unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard." Lau, 229 F.3d at 123. Plaintiff has received ample notice and opportunity to be heard regarding a possible filing injunction. In her September 17, 2010 request for an extension of time to object to Judge Bloom's R&R, Plaintiff asserted that "she has never sought to abuse the judicial process or to file a meritless claim." (Id. at 2.) She also expressed her "wish[] to advise the court why such an injunction would be unnecessary and counterproductive." (Id.) Nonetheless, Plaintiff failed to respond to the court's order to show cause.

2

As Judge Bloom recounts in detail in her R&R, the court has warned Plaintiff regarding possible sanctions on multiple occasions. (R&R at 12.) For example, on December 18, 2003, the court informed Plaintiff that "she should take care not to engage in wasteful and burdensome litigation tactics" and further stated that "Plaintiff is well aware that sanctions may be imposed, as they have been in the past, should she persist in such abusive conduct." (Docket Entry # 66 at 12.) In the court's May 26, 2009 transfer order in Jenkins v. Phillips, 09-CV-1825 (NGG), the court warned Plaintiff "that the filing of additional complaints relating to the instant matter may result in sanctions, including barring the acceptance of any future complaints without leave of court." (09-CV-1825, Docket Entry # 8 at 3 (internal quotation omitted).) Despite such warnings, Plaintiff has continued to file repetitive actions and has willfully disregarded court orders, rules, and directives. (See R&R at 12.) Plaintiff has also made numerous baseless ad hominem attacks on public officials, judges, and opposing parties. (Id. at 13-14.)

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (internal quotations and punctuation omitted). The Second Circuit has instructed district courts, in determining whether or not to restrict a litigant's future access to the courts to consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

3

Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).

The court is mindful that a filing injunction is an extraordinary remedy and that the Second Circuit has narrowed expansive injunctions where a litigant's demonstrated vexatious conduct is limited to a specific subject matter or class of defendants. See Safir, 792 F.2d at 19. Here, however, more targeted sanctions – which are already in place – have not deterred Plaintiff's abusive practices. Moreover, Plaintiff's domestic partner, Anthony Martin-Trigona, is already subject to an extraordinarily broad filing injunction. See In re Martin-Trigona, 592 F.Supp. 1566, 1571 (D. Conn. 1984). As Judge Bloom stated, "[w]hether [Plaintiff] is following Mr. Martin-Trigona's directions, or she is acting on her own, her abuse of the [judicial] process cannot be tolerated." (R&R at 13.)

Having considered the factors enumerated by the Second Circuit in Safir, the court agrees with Judge Bloom's conclusion (see id. at 15) that lesser sanctions have not deterred Plaintiff's abusive conduct and that, absent a broader filing injunction, Plaintiff is "likely to continue to abuse the judicial process and harass other parties." Safir, 792 F.2d at 24; see also Lipin v. Hunt, 573 F. Supp. 2d 836, 845 (S.D.N.Y. 2008) ("A court's special solicitude towards pro se litigants does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights.") (internal citations omitted).

Accordingly, Plaintiff is hereby enjoined from filing or intervening in any future action in the federal courts without first obtaining leave of court to do so.[2] For the first filing Plaintiff makes in any and all future actions in federal court she shall:

(a) attach to the filing a motion captioned "Application Pursuant to Court Order Seeking Leave to File;"
(b) attach as "Exhibit 1" to that motion a copy of this order and Judge Bloom's R&R; and

---

[2] The court does not limit Plaintiff's ability to file any appeals.

4

(c) attach as "Exhibit 2" to that motion either an affidavit or an unsworn declaration pursuant to 28 U.S.C. § 1746 certifying (1) whether or not the claim or argument she wishes to present has been previously raised by her in any court, agency, tribunal, committee, or other forum, and (2) that the filing is submitted in good faith.

Failure to comply with the terms of this order may be sufficient grounds for a court to deny any motion for leave to file, or to dismiss a lawsuit, and may also be considered sufficient grounds upon which to levy additional sanctions on Plaintiff, including but not limited to fines, civil incarceration, and/or an award to opposing parties of their reasonable costs and attorneys fees. Nothing in this order shall be construed as having any effect on Plaintiff's power to prosecute any other action that is currently pending in any federal court, on Plaintiff's ability to defend herself in any future criminal or civil cases, or her ability to make filings in any habeas corpus proceedings. The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
December 3, 2010

NICHOLAS G. GARAUFIS
United States District Judge